# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

PRESTON COOPER,

       Plaintiff,

    v.

LILLIAN COOPER-TAGGART, *et al.*,

       Defendants.

Case No. 3:19-cv-00455-JPG-MAB

## <u>MEMORANDUM AND ORDER</u>

**J. PHIL GILBERT, DISTRICT JUDGE**

Plaintiff Preston Cooper—a *pro se* prisoner at Stateville Correctional Center—filed this prisoner civil rights lawsuit under 42 U.S.C. § 1983 against his mother, brothers, two banks, and a few other family members for allegedly stealing money out of his bank account. (ECF No. 2.) He has also moved for leave to proceed in forma pauperis. (ECF No. 3.) It is not clear why Cooper chose to file his lawsuit in this Court, but a review of the Public Access to Court Electronic Records (PACER) system shows that Cooper filed an identical lawsuit earlier this month in the Northern District of Illinois. *Cooper v. Cooper-Taggart*, No. 1:19-cv-02698 (N.D.Il. April 19, 2019). And at a threshold review pursuant to 28 U.S.C. § 1915A, the Northern District dismissed Cooper's suit without prejudice for lack of jurisdiction—specifically because none of the named parties are state actors, a requirement under § 1983—so that Cooper could re-file his claims in state court.

But Cooper did not re-file his case in state court. Instead, he took his complaint from the Northern District of Illinois, crossed out the word "Northern," wrote "Southern" in its place, and re-filed it here. And because Cooper filed this action as a prisoner civil rights case under 42

U.S.C. § 1983 his complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A—which provides:

> (a) Screening – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

Here, Cooper's suit is frivolous. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). And in this case, the Northern District of Illinois instructed Cooper that the federal courts do not have subject-matter jurisdiction over his claims, and accordingly dismissed his case without prejudice so that he could re-file in state court. But instead of doing so, Cooper re-filed the exact same paper here, but crossed out the word "Northern" with a pen. That is frivolous: his claim lacks an arguable basis in law, and Cooper should have known that given the Northern District's instruction.

So **IT IS HEREBY ORDERED** that Cooper's complaint is **DISMISSED WITHOUT PREJUDICE** for being frivolous and for lack of jurisdiction. This dismissal is without prejudice so that Cooper can re-file his case in state court. Cooper is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g) because the suit is frivolous. Cooper is further **ADVISED** that although filing a complaint in state court

"irrevocably incurs an obligation to pay the fee," *Newlin v. Helman*, 123 F.3d 429, 433 (7th Cir. 1997), the Court will nevertheless dismiss his motion for leave to proceed in forma pauperis without prejudice and not impose a filing fee (ECF No. 3)—specifically because this case is about Cooper's inability to access his bank account. All other pending motions are moot.

**IT IS SO ORDERED.**

**DATED: MAY 3, 2019**

<u>*s/ J. Phil Gilbert*</u>
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**